1  **Marquis Aurbach Coffing**
   Jason M. Gerber, Esq.
2  Nevada Bar No. 9812
   Jared M. Moser, Esq.
3  Nevada Bar No. 13003
   10001 Park Run Drive
4  Las Vegas, Nevada 89145
   Telephone: (702) 382-0711
5  Facsimile: (702) 382-5816
   jgerber@maclaw.com
6  jmoser@maclaw.com
   *Attorneys for Performance Rhino,*
7  *LLC d/b/a Gun Garage/GAG*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PERFORMANCE RHINO LLC d/b/a GUN GARAGE/GAG,<br><br>Plaintiff,<br><br>vs.<br><br>GRANITE STATE INSURANCE COMPANY, a New York corporation; LOCKTON AFFINITY LLC, a Missouri limited liability company; BRENT RYAN, an individual and as Account Manager for LOCKTON AFFINITY, LLC; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case Number:<br>2:17-cv-00803-APG-PAL<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff Performance Rhino, LLC d/b/a Gun Garage/GAG ("Plaintiff"), by and through its attorneys of record, Jason M. Gerber, Esq. and Jared M. Moser, Esq., of the law firm of Marquis Aurbach Coffing; Defendant Granite State Insurance Company ("Granite State"), by and through its attorney of record, Andrew B. Downs, Esq., of the law firm of Bullivant Houser Bailey, PC; and Defendants Lockton Affinity Series of Lockton Affinity, LLC f/k/a Lockton Affinity, LLC, f/k/a Lockton Risk Services, Inc. ("Lockton") and Brent Ryan ("Ryan"), by and through their attorney of record, Marc S. Cwik, Esq., of the law firm of Lewis Brisbois Bisgaard & Smith, LLP, hereby enter into this Stipulation for a Protective Order ("Order") pursuant to the

provisions of Fed. R. Civ. P. 26(c). Plaintiff, Granite State, Lockton, and Ryan may each be referred to herein as a "Party" or, collectively, as the "Parties."

The Parties have agreed and stipulated to the entry of this Order for the protection of confidential and sensitive documents, records, and information produced or otherwise disclosed in post-judgment discovery in this action.

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, through their respective counsel of record, that the following terms and conditions shall govern the disclosure, production, and use of documents and information in this action as to the signatories to this Order:

## I. DEFINITIONS

1. "Material" refers to any document, data compilation, testimony, report, interrogatory response, response to a request for admission, response to a request for production, or other information in any form produced or disclosed in this action (including copies), whether voluntarily or through any means of discovery authorized by law, and whether by a party or non-party.

2. Material may be designated "Confidential" if the Designating Party in good faith believes that disclosure of such Material in this action without the designation presents a risk of injury to the legitimate business or personal interests of the Disclosing Party, or any other legitimate interest of the Disclosing Party. Confidential information includes, but is not limited to, all Materials reflecting, referring to, or evidencing any information deemed confidential by any local, state, or federal statute, ordinance, regulation, or other law, confidentiality agreement, business plans or forecasts, financial plans and forecasts, operational plans and forecasts, and all private or sensitive commercial, technical, financial, proprietary, personal, personnel, underwriting, rating, claims and insurance policy information, which is not publicly known and cannot be ascertained from an inspection of publicly-available documents or materials. Confidential information may take the form of, but is not limited to, (a) documents, responses to request for production, interrogatory responses, or responses to requests for admissions; (b) hearing or deposition transcripts and related exhibits; and, (c) all copies, abstracts, excerpts,

analyses, reports, and complete or partial summaries prepared from or containing, reflecting, or disclosing such confidential information.

3. Material may also be designated as "Sensitive-Attorney Eyes Only." Sensitive-Attorney Eyes Only Material must meet the Confidential designation requirements of Section I(2) and also must be so proprietary or competitively sensitive or contain such highly sensitive and non-public business, technical, financial, personal, or other information that its disclosure to persons other than those enumerated in Section IV will irreparably harm the Disclosing Party and/or the Designating Party.

4. "Disclosing Party" refers to a party, or non-party, to this action who produces Material.

5. "Designating Party" refers to a party or non-party to this action who designates Material as Confidential or Sensitive-Attorney Eyes Only.

6. "Requesting Party" refers to a party who has made a discovery request.

7. "Receiving Party" refers to a party who receives, or is otherwise exposed to, Material during the course of this action.

## II.  SCOPE OF PROTECTIVE ORDER

1. Except as the parties may otherwise agree, and subject to the provisions of Sections IV.A.1.and IV.A.2., or as the Court may order, any Material produced in this action, which is designated Confidential or Sensitive-Attorney Eyes Only, including any report, excerpt, analysis, summary, or description of it, shall be strictly controlled by this Order, and no disclosure or use of such Material, by any Receiving Party, can be made except in accordance with the requirements of this Order. All Material designated Confidential or Sensitive-Attorney Eyes Only shall be used solely for the prosecution or defense of this action.

2. This Order shall govern all Material produced in this action, including Material produced prior to entry of this Order.

3. The protections of this Order shall not apply to Material that, prior to disclosure in this action, was within the actual possession or knowledge of a Receiving Party but was not subject to any confidentiality obligation between the Parties, was previously disclosed by a

Disclosing Party to a non-party to this action without any obligation of confidentiality, or was actually public knowledge, provided that the Material did not become public knowledge through an act or omission of a Receiving Party. Material that was in the hands of the Receiving Party prior to disclosure in this action, however, and was subject to a confidentiality obligation between the Parties, shall be made subject to this Order. Any party who claims that the Material was, prior to disclosure in this action, within its actual possession or knowledge and was not subject to a confidentiality obligation or was public knowledge shall have the burden of proving that fact.

4. Nothing in this Protective Order shall be construed to prohibit counsel from providing advice, guidance, or counsel to a party, regardless of whether such advice, guidance, or counsel is based, in whole or in part, upon information counsel learned from Material designated Confidential or Sensitive-Attorney Eyes Only, so long as counsel does not disclose Confidential or Sensitive-Attorney Eyes Only Material to anyone not permitted to receive such Material under this Order.

### III. DESIGNATION OF MATERIAL

#### A. GENERAL PROVISIONS

1. A Designating Party may designate Material as Confidential or Sensitive-Attorney Eyes Only, only if the Material (1) is Confidential, as defined by Section I(2), or Sensitive-Attorney Eyes Only, as defined by Section I(3); and, (2) is not excluded from the scope of this Order by Section II(3).

2. A Designating Party's failure to designate Material as Confidential or Sensitive-Attorney Eyes Only at the time of production or disclosure of the Material does not waive its right to later designate the Material as Confidential or Sensitive-Attorney Eyes Only, so long as the Designating Party notifies all Parties in writing of the failure within a reasonable time period after learning that the Material was produced without an appropriate confidentiality designation. After any designation, each Receiving Party shall treat the designated Material as either Confidential or Sensitive-Attorney Eyes Only and subject to the protections of this Order.

///

### B.  METHODS OF DESIGNATION

1. A Designating Party may designate Material as Confidential by placing or affixing on the Material the word "Confidential."  In the event of post-production designation, the Designating Party shall provide to all counsel new paper or imaged Material marked "Confidential."

2. A Designating Party may designate Material as Sensitive-Attorney Eyes Only by placing or affixing on the Material the words "Sensitive-Attorney Eyes Only." In the event of post-production designation, the Designating Party shall provide to all counsel new paper or imaged Material marked "Sensitive-Attorney Eyes Only."

3. Testimony, including hearing or deposition transcripts, or portions of such transcripts, and any applicable exhibits, may be designated Confidential Or Sensitive-Attorney Eyes Only by:  (a) counsel so stating on the record during the hearing or deposition, or (b) providing written notice to the reporter and all counsel of record.  All transcripts of hearings or depositions, or portions of such transcripts, and any applicable exhibits, shall be considered as designated Confidential, except for any testimony or exhibits designated as Sensitive-Attorney Eyes Only at the time of the hearing or deposition, until 30 days after the reporter sends notice that the written transcript is available for review.  The parties may, however, designate transcripts, or portions of such transcripts, and any applicable exhibits, as Confidential or Sensitive-Attorney Eyes Only at any time, including after the 30 day period described in the preceding sentence.  If such a designation is made after the 30 day period, all designated Material shall be handled as Confidential or Sensitive-Attorney Eyes Only, depending on the asserted designation, from the time of the designation forward and all Receiving parties shall make reasonable efforts to recover any transcripts or portions of transcripts that have been disclosed beyond what is allowed for the asserted designation.  If transcripts or portions of such transcripts, and any applicable exhibits are designated as Confidential or Sensitive-Attorney Eyes Only, the Parties' counsel and the court reporter shall make reasonable arrangements to maintain the confidentiality of any deposition testimony or exhibits so designated, in accordance with the terms of this Order.  These arrangements may include the marking of transcript pages, covers or

1   exhibits, and other measures to preclude the disclosure of Confidential or Sensitive-Attorneys
Eyes Only Material other than to qualified persons.

4.  When Confidential or Sensitive-Attorney Eyes Only Material is supplied or stored on a digital, electronic, or electromagnetic medium, the Confidential or Sensitive-Attorney Eyes Only designation shall be made, to the extent physically possible, on the medium itself (such as on a label attached to a disk), on the sleeve, envelope, box, or other container of such medium, or by submitting a written statement to all counsel of record identifying the appropriate designation.

### C. CHALLENGING CONFIDENTIALITY DESIGNATIONS

1.  Any Party may challenge the designation of any Confidential or Sensitive-Attorney Eyes Only information before the Court.  The Party making such a challenge shall give the Designating Party written notice specifically setting forth the grounds for the objection to the designation, not less than 14 judicial days before filing any motion challenging any designation.  During the above-identified notice period, the objecting party shall meet and confer with the Designating Party in a good faith to resolve the dispute without filing a motion.  If the good faith meet and confer process fails, the objecting party may then challenge the designation through motion practice.

2.  Notwithstanding any such challenge, all such Material shall be treated as Confidential or Sensitive-Attorney Eyes Only as designated until one of the following occurs: (a) the Disclosing Party withdraws such Confidential or Sensitive-Attorney Eyes Only designation in writing, or (b) the Court rules that the designation is not proper and that the designation shall be removed.

## IV. DISCLOSURE, USE, AND HANDLING OF CONFIDENTIAL OR SENSITIVE-ATTORNEY EYES ONLY MATERIAL

### A. USE AND HANDLING OF CONFIDENTIAL OR SENSITIVE-ATTORNEY EYES ONLY MATERIAL

1.  To the extent any Material filed with the Court, including pleadings, exhibits, transcripts of hearings or depositions, expert reports, answers to interrogatories, and responses to requests for admissions, contains or reveals Confidential or Sensitive-Attorney Eyes Only Material, the Material or any portion thereof, the party filing such Material shall

contemporaneously move to file those materials under seal pursuant to Local Rule IA 10-5. The denial of any motion to seal shall not obligate the filing party to withdraw the documents filed.

2. Nothing in this Order shall restrict the ability of a party to offer evidence otherwise subject hereto at trial, provided the party intending to use such evidence at trial shall have notified all other parties previously of its intent to offer that evidence.

3. All copies, duplicates, extracts, summaries, reports, or descriptions (collectively "copies") of Materials designated as Confidential or Sensitive-Attorney Eyes Only or any portion thereof, shall immediately be affixed with the label Confidential or Sensitive-Attorney Eyes Only if such label does not already appear.

4. Material designated Confidential or Sensitive-Attorney Eyes Only does not lose protected status through an unauthorized disclosure, whether intentional or inadvertent, by a Receiving Party. If such a disclosure occurs, the Parties shall take all steps reasonably required to assure the continued confidentiality of the Material.

5. Any Material that is designated Confidential shall not be disclosed to any person or entity other than the following, and only after such person or entity has been advised of and is subject to the terms of this Order:

(a) The Parties and their counsel of record;

(b) Counsel of record for the Parties;

(c) Members of the legal, paralegal, secretarial or clerical staff of such counsel who are assisting in or responsible for working on this action;

(d) The Court, its staff, the jury, and all appropriate courts of appellate jurisdiction and their staff;

(e) Independent experts or consultants retained by a party or counsel of records for purposes of this litigation, and any employees, associates, or independent contractors retained by those experts or consultants in their work in this litigation;

(f) Court reporters during depositions or hearings;

(g) Deponents during depositions or witnesses during hearings;

///

(h) Persons who have had, or whom any counsel for any party in good faith believes to have had, prior access to the Confidential Material being disclosed, or who have been participants in a communication that is the subject of the Confidential Material and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated, except that, unless and until counsel confirms that any such persons have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation;

(i) Employees of third-party contractors of the Parties involved solely in providing copying or litigation support services such as organizing, filing, coding, converting, storing, or retrieving Material;

(j) Any other person agreed to in writing by the Disclosing Party; and

(k) Any other person by order of the court, after notice to all Parties.

6. Any Material that is designated Sensitive-Attorney Eyes Only shall not be disclosed to any person or entity other than the following, and only after such person or entity has been advised of and has agreed to be subject to the terms of this Order:

(a) Counsel of record for the Parties;

(b) Members of the legal, paralegal, secretarial or clerical staff of such counsel who are assisting in or responsible for working on this action;

(c) The Court, its staff, the jury, and all appropriate courts of appellate jurisdiction and their staff;

(d) Independent experts or consultants retained by a party or counsel of records for purposes of this litigation, and any employees, associates, or independent contractors retained by those experts or consultants in their work in this litigation;

(e) Court reporters during depositions or hearings;

(f) Deponents during depositions or witnesses during hearings;

///

(g) Persons who have had, or whom any counsel for any party in good faith believes to have had, prior access to the Sensitive-Attorney Eyes Only Material being disclosed, or who have been participants in a communication that is the subject of the Sensitive-Attorney Eyes Only Material and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated, except that, unless and until counsel confirms that any such persons have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation; and

(h) Employees of third-party contractors of the Parties involved solely in providing copying or litigation support services such as organizing, filing, coding, converting, storing, or retrieving Material;

(i) Any other person agreed to in writing by the Disclosing Party; and

(j) Any other person by order of the court, after notice to all Parties.

7. Prior to disclosure of any Confidential or Sensitive-Attorney Eyes Only Material to any persons under Section IV(A)(4)(e), (g), (i)-(k), or Section IV(A)(5)(d), (f), (h)-(j), he or she must first be advised of and agree in writing to be bound by the provisions of this Order. Such written agreement shall consist of his or her endorsement of a copy of this Order or of the Undertaking attached to this Order. Copies of such writings shall be produced to other parties upon written request.

8. The recipient of any Confidential or Sensitive-Attorney Eyes Only Material shall maintain such Material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own confidential information.

**V. INADVERTENT DISCLOSURE OF CONFIDENTIAL OR SENSITIVE-ATTORNEY EYES ONLY MATERIAL NOT AUTHORIZED UNDER PROTECTIVE ORDER**

1. In the event of a disclosure of any Material designated under this Order, to any person(s) not authorized to receive such disclosure, the Party responsible for having made such

1  disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the
2  Disclosing Party whose Material has been disclosed and provide to such counsel all known
3  relevant information concerning the nature and circumstances of the disclosure.  The responsible
4  Disclosing Party shall also promptly take all reasonable measures to retrieve the improperly
5  disclosed Material and to ensure that no further or greater unauthorized disclosure and/or use
6  thereof is made.

       2.      Unauthorized or inadvertent disclosure does not change the status of the Material or waive the right to hold the disclosed document or information as Protected.

## VI.  **OTHER PROVISIONS**

       1.      In the event a Receiving Party who has received Confidential or Sensitive-Attorney Eyes Only Material that is subject to this Order is:  (a) subpoenaed in another action, (b) served with a request in another action to which the person is a party, or (c) served with any other legal process by one not a party to this action, that seeks Confidential or Sensitive-Attorney Eyes Only Material, he, she, or it shall give prompt written notice of the receipt of such subpoena, demand or other legal process to the Designating Party and its counsel, and upon request, shall cooperate with the Designating Party in its efforts to obtain an appropriate court order protecting the Confidential or Sensitive-Attorneys Eyes Only Material.

       2.      Any third party producing Materials in this action may be included in this Order by endorsing a copy of this Order and delivering it to the Requesting Party, who, in turn, will serve a copy of it upon counsel for the other parties.

       3.      This Order shall not prevent any party from applying to the Court for further or additional confidentiality orders, or from agreeing with the other parties to modify this Order, subject to the approval of the Court.

       4.      This Order shall not preclude any party from enforcing its rights against any other party, or any non-party, believed to be violating its rights under this Order.

       5.      Except as provided for in this Order, nothing in this Order, nor any actions taken pursuant to this Order, shall be deemed to have the effect of an admission or waiver by any party, including the right of either party to object to the subject matter of any discovery request or the

1 relevance of any evidence. Also, nothing in this Order or any actions under the provisions of this
2 Order shall have the effect of proving, suggesting to prove, or otherwise creating a presumption
3 that information disclosed in this action is confidential, trade secret, or proprietary, as it pertains
4 to the Parties' respective claims in this action.

5      6. After final termination of this case, including any appeals, each counsel of record,
6 upon written request within 60 days of the date of final termination, shall within 60 days of such
7 request, (a) destroy, or (b) assemble and return to the counsel of record, all Material in their
8 possession and control, embodying Material designated Confidential or Sensitive-Attorneys Eyes
9 Only, including all copies thereof except that each counsel of record may maintain one archive
10 copy of all pleadings, correspondence, deposition transcripts, deposition exhibits, trial
11 transcripts, and trial exhibits, together with any attorney work product provided that such archive
12 copy is appropriately marked as Confidential or Sensitive-Attorneys Eyes Only and is retained in
13 accordance with the terms of this Order. Notwithstanding the foregoing, Counsel for the Parties
14 are not required to destroy Counsel's email communications (and corresponding attachments)
15 related to this case, regardless of whether such email communications contains Material
16 designated Confidential or Sensitive-Attorneys Eyes Only.

17      7. Counsel for any party may exclude from the room at a deposition or other
18 discovery proceeding, during any questioning that involves Confidential or Sensitive-Attorneys
19 Eyes Only Material, any person (other than the witness then testifying) who is not permitted the
20 disclosure of such Material under this Order.

21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

*MARQUIS AURBACH COFFING*
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

8. The Parties and any other person subject to the terms of this Protective Order agree that this Court has and retains jurisdiction during and after this action is terminated for the purpose of enforcing this Order. This Order shall survive termination of this litigation, to the extent that the Confidential or Sensitive-Attorneys Eyes Only Material is not or does not become known to the public.

Dated this 2nd day of May, 2017

**MARQUIS AURBACH COFFING**

By: /s/ Jared M. Moser
 Jason M. Gerber, Esq.
 Nevada Bar No. 9812
 Jared M. Moser, Esq.
 Nevada Bar No. 13003
 10001 Park Run Drive
 Las Vegas, Nevada 89145
 *Attorneys for Performance Rhino, LLC d/b/a Gun Garage/GAG*

**BULLIVANT HOUSER BAILEY, P.C.**

By   /s/ Andrew B. Downs           and
 Andrew B. Downs, Esq.
 Nevada Bar No. 8052
 101 Montgomery Street, Suite 2600
 San Francisco, CA 94109
 *Attorneys for Defendant Granite State Insurance Company*

Dated this 2nd day of May, 2017

**LEWIS BRISBOIS BISGAARD & SMITH**

By: /s/ Marc S. Cwik
 Marc S. Cwik, Esq.
 Nevada Bar No. 6946
 6385 S. Rainbow Blvd., Suite 600
 Las Vegas, Nevada 89118
 *Attorney for Defendants Lockton Affinity Series of Lockton Affinity, LLC f/k/a Lockton Affinity, LLC, f/k/a Lockton Risk Services, Inc. and Brent Ryan*

**KRAVITZ, SCHNITZER & JOHNSON, CHTD.**

Martin J. Kravitz, Esq.
Nevada Bar No. 83
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

**ORDER**

IT IS HEREBY ORDERED this 4th day of May, 2017.

_____
UNITED STATES DISTRICT or MAGISTRATE JUDGE

Case No. 2:17-cv-00803-APG-PAL, STIPULATED PROTECTIVE ORDER

Submitted by:

MARQUIS AURBACH COFFING

By  /s/ Jared M. Moser
   Jason M. Gerber, Esq.
   Nevada Bar No. 9812
   Jared M. Moser, Esq.
   Nevada Bar No. 13003
   10001 Park Run Drive
   Las Vegas, Nevada 89145
   *Attorneys for Performance Rhino,
   LLC d/b/a Gun Garage/GAG*

**UNDERTAKING**

I, _____, have read and agree to be bound by the Protective Order in *Performance Rhino, LLC d/b/a Gun Garage/GAG v. Granite State Insurance Company et al.*, a matter in the United States District Court for the District of Nevada, Case No. 2:17-cv-00803-APG-PAL.  I hereby submit to the jurisdiction of the Court for purposes of ensuring compliance with the Protective Order.

Date: _____

Signature: _____

Printed Name: _____

Address: _____

_____

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816